IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John Ervin Wilson, Jr., # 295493, | ) | Civil Action No. 9:18-cv-03184-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Mr. Clark, Major, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 29) recommending that the Court deny Defendant's Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 16.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Respondent's Motion to Dismiss.

I. **Background**

Plaintiff is a *pro se* litigant claiming pursuant to 42 U.S.C. § 1983 that while as an inmate at the Lieber Correctional Institution "he participated in . . . 1st Amendment Protected activity [by using the] grievance system," after which the Defendant unlawfully retaliated against him in violation of his First Amendment rights. (Dkt. No. 1 at 4.) Plaintiff alleges that on or about July 18 or 20, 2008, the Defendant began retaliating against him by transferring him to a more dangerous unit where he was stabbed by another inmate. (*Id.* at 5–6.) In addition, Plaintiff alleges that he was terminated from his prison job. (*Id.*) Plaintiff seeks monetary damages. (*Id.*)

II. **Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

After careful consideration of Plaintiff's allegations, Defendant's motion, and Plaintiff's arguments in opposition, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded Plaintiff's Complaint states a claim as a matter of law. As the Magistrate Judge previously indicated, the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972.) To state a First Amendment retaliation claim under § 1983, a plaintiff must show: (1) his speech was protected; (2) the allegedly retaliatory action adversely affected his protected speech; and (3) a causal relationship between the protected speech and retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015).

Plaintiff's allegations indicate that he engaged in protected speech by filing a grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 545 (4th Cir. 2017) (recognizing that prisoners undoubtedly exercise First Amendment rights when filing a grievance and that prison officials may not retaliate against prisoners for filing a grievance.) Further, Plaintiff alleges that as a result of filing his grievance, Defendant retaliated against him by transferring him to a more dangerous unit and terminating him from his prison job. (Dkt. No. 1 at 4–6.); *Raub*, 785 F.3d at 885. When given an appropriately liberal construction, Plaintiff's Complaint states a plausible claim for relief

against Defendant. For these reasons, the Magistrate Judge correctly concluded that Defendant's Motion to Dismiss should be denied.

**IV. Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 29) as the Order of the Court and **DENIES DEFENDANT'S MOTION TO DISMISS** Plaintiff's Complaint (Dkt. No. 16.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 6, 2019
Charleston, South Carolina