IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Ervin Wilson, Jr., # 295493, | ) | Civil Action No. 9:18-3184-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Major Clark, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's report and recommendation ("R & R") (Dkt. No. 47) recommending that Defendant's motion for summary judgment on Wilson's claim for violation of his First Amendment right pursuant to 42 U.S.C. § 1983 be granted. For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendant's motion for summary judgment.

**I.     Background**

Wilson is an incarcerated person who alleges that he was housed in the Wando Unit of Lieber Correctional Institution when, on or about July 24, 2018, Defendant removed Wilson and the other inmates believed involved in a July intra-inmate security incident out of the Wando Unit and into the Cooper Unit. On or about August 4, 2018, Wilson filed Grievance Form No. LCI-684-18, alleging that Defendant terminated Wilson's work assignment in retaliation for the July security incident. On or about August 18, 2018, Wilson filed Grievance Form No. LCI-0732-18, alleging that Defendant also moved him to the Cooper Unit in retaliation for the security incident.

Wilson, proceeding *pro se*, now claims that this conduct constitutes Defendant violating his First Amendment right to file prison grievance forms, in violation of 42 U.S.C. § 1983.

Defendant now moves to dismiss the claim on summary judgment, before discovery has been exchanged. Both Defendant and Wilson submit record evidence in the form of affidavits and prison documents. The Magistrate Judge recommends that Defendant's motion be granted, to which Wilson filed objections. (Dkt. No. 49.)

**II.     Legal Standard**

**A.     Review of R & R**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment should therefore be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of

demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-movant must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. For this showing, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.    Discussion

To bring a claim under § 1983, the plaintiff must allege that his constitutional or federal right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a First Amendment retaliation claim under § 1983, the plaintiff must show "(1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015).

It is undisputed that filing a prison grievance form is protected speech and that Wilson engaged in that speech here. *Booker v. South Carolina Dep't Corr.*, 855 F.3d 533, 545 (4th Cir. 2017). First, as to Wilson's allegation that Defendant terminated his employment in retaliation for filing a grievance: there is no dispute of material fact on this record that Wilson's assignment was not terminated because the record, including the SCDC response to Wilson's Grievance No. LCI-732-18, reflects that Wilson was assigned as a Wardkeeper Assistant until November 12, 2018. (Dkt. No. 41-1 at 14.) Defendant is, therefore, entitled to summary judgment as to that aspect of Wilson's claim. As to whether Defendant transferred Wilson to Cooper B Unit in retaliation, Wilson's "bed history" reflects that he was transferred from the Wando Unit to the Cooper Unit on July 24, 2018, before he submitted the August grievances. (Dkt. No. 41-2 at 4.)

-4-

This record evidence ameliorates any dispute of material fact that Wilson was transferred out of retaliation, notwithstanding the contradiction between Wilson's verified allegations in the complaint and Defendant's attestation that he did not request Wilson's transfer out of retaliation (Dkt. No. 41-1 at 5). Construing this record in Wilson's favor as the non-movant, there is not dispute of material fact that his July transfer was not in retaliation to a subsequent grievance.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 47) as the order of the Court. Defendant's motion for summary judgment (Dkt. No. 41) is **GRANTED**.

   **AND IT IS SO ORDERED.**

                 s/ Richard Mark Gergel_____
                 Richard Mark Gergel
                 United States District Judge

April 20, 2020
Charleston, South Carolina